Submitted December 30, 2021; conviction for second-degree criminal trespass reversed and remanded, remanded for resentencing, otherwise affirmed February 2, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BO TYLER JOHNSON,
*Defendant-Appellant.*

Polk County Circuit Court
18CR23574; A173170

505 P3d 495

Rafael A. Caso, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joseph Callahan, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Armstrong, Senior Judge.

PER CURIAM

Conviction for second-degree criminal trespass reversed and remanded; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant was convicted of second-degree theft and second-degree criminal trespass. He appeals, raising two assignments of error related to the way the trial court instructed the jury on the criminal trespassing charge. The state argues that the error, if any, is harmless. We conclude that the trial court did err, and that the error was not harmless. Accordingly, we reverse and remand defendant's conviction for criminal trespassing.

The trial court instructed the jury, as relevant here, that to "enter or remain unlawfully" means "to enter or remain in or upon premises when the premises are not open to the public *or* when the entrant is not otherwise licensed or privileged to do so." (Emphasis added.) Defendant had requested that the jury be instructed that it had to find both that the premises were not open to the public, *and* that defendant was not otherwise licensed or privileged to enter or remain. Defendant argues on appeal that the trial court erred by giving the instruction it did, and by refusing to give the requested instruction.

In response, the state does not argue that the instructional rulings were correct. Instead, it argues only that, if the court erred, the error was harmless. It contends that, in light of the evidence in this case, if the jury concluded that defendant knew either that the premises were not open to the public, or that he was not otherwise licensed or privileged to enter or remain, then it would have found both, because the issue turned on whether or not he heard certain statements. If he heard the statements, then he would have known both that the premises were not open to the public and that he was not otherwise licensed to enter or remain.

We agree with defendant that the instruction the court gave was erroneous. *State v. Collins*, 179 Or App 384, 393, 39 P3d 925 (2002) (The Oregon Supreme Court has previously construed "'or' in [ORS 164.205] subsection (3)(a) as being conjunctive. Under the rule of prior construction, that reading is conclusive."). Further, in light of the record as a whole, we cannot say that the error had little likelihood of affecting the verdict. *See State v. Davis*, 336 Or 19, 32, 77

P3d 1111 (2003) (An error is harmless if there is "little like-lihood" that it affected the verdict.). Accordingly, we reverse and remand the criminal trespassing conviction.

Conviction for second-degree criminal trespass reversed and remanded; remanded for resentencing; other-wise affirmed.